IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LEROY PERCELL BURRELL,** | |
| **Petitioner/Defendant,** | |
| v. | **Criminal No. 8:18-cr-00352-JRR** <br> **Civil No. 8:22-cv-00371-JRR** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

### MEMORANDUM OPINION

This matter comes before the court on *pro se* Petitioner Leroy Percell Burrell's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 37; the "Motion to Vacate.")  The court also has before it Burrell's "Renewed Motion for Appointment of Counsel." (ECF No. 44; the "Motion to Appoint Counsel.")  The court has reviewed all papers.[1]

I.   BACKGROUND

On June 27, 2018, Burrell was charged by Indictment with six counts, including three counts of interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a) ("Hobbs Act robbery"), two counts of using, carrying, and brandishing a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of felon in possession of ammunition in violation of 18 U.S.C. § 922(g).  (Indictment, ECF No. 4.)  On August 16, 2018, Burrell was arraigned and entered a plea of not guilty. (ECF No. 9.)  On January 31, 2019, Burrell was rearraigned; pursuant to his plea agreement with the United States (the "Government") (ECF No. 22), Burrell changed his plea

---

[1] Also pending are the parties' various motions for extension of the briefing schedule related to the Motion to Vacate. (ECF Nos. 41, 42, 47.)  The requested extensions in the motions at ECF Nos. 41, 42, and 47 are reasonable and the court will therefore grant them, *nunc pro tunc*, for good cause shown.  Accordingly, Burrell's "Motion for Summary Judgment or Entry of Default and Default Judgment" at ECF No. 43, which seeks "judgment" against the Government and vacatur of his conviction, will be denied as moot.

to guilty as to Count 3 (Hobbs Act robbery) and Count 5 (Using, Carrying, and Brandishing a Firearm). *Id.* Judge George Jarrod Hazel accepted Burrell's guilty plea and found him guilty as to Counts 3 and 5. Following his guilty plea, on August 13, 2019, Judge Hazel sentenced Burrell to a term of imprisonment of 162 months (78 months as to Count 3; 84 months as to Count 5, to run consecutively), and a five-year term of supervised release. (ECF No. 31.) Judgment was entered August 14, 2019. (ECF No. 31.)

On February 14, 2022, 915 days after entry of judgment, Burrell filed the Motion to Vacate. (ECF No. 37.)[2] Burrell sets forth the following grounds for relief: (1) ineffective assistance of counsel as to Burrell's capacity to enter a guilty plea; (2) ineffective assistance of counsel as to Hobbs Act robbery; (3) ineffective assistance of counsel for failure to present mitigating factors at sentencing; (4) judicial error resulting in an unknowing and involuntary guilty plea; (5) equitable tolling of the one-year statute of limitations on motions filed under 28 U.S.C. § 2255.

## II. **LEGAL STANDARD**

Under 28 U.S.C. § 2255, a prisoner in federal custody may move to vacate, set aside or correct, a federal prison sentence on the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law" or "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426–27 (1962); *United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018). To prevail on a § 2255 motion, the movant bears the burden to prove the asserted grounds by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

---

[2] On July 1, 2022, Burrell filed the Motion to Appoint Counsel. (ECF No. 44.)

The scope of a § 2255 collateral attack is markedly narrower than an appeal, and a "collateral challenge may not do service for an appeal." *Foster v. Chatman*, 578 U.S. 488, 519 (2016) (Alito, J., concurring) (citations omitted). "[A]n error of law does not provide a basis for collateral attack [of a conviction] unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 426–27); *United States v. Vonn*, 535 U.S. 55, 64 (2002) (holding that relief under § 2255 is reserved for situations where failure to grant relief would be "'inconsistent with the rudimentary demands of fair procedure' or [would] constitute[] a complete 'miscarriage of justice'") (quoting *United States v. Timmreck*, 441 U.S. 780, 783 (1979)).

Pursuant to 28 U.S.C. § 2255(b), the court must hold an evidentiary hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021). Ordinarily, in resolving a motion, a district court has discretion as to whether to hold a hearing, but in the context of a § 2255 motion, "a hearing is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record, or when a credibility determination is necessary to resolve the claim." *Mayhew*, 995 F.3d at 176–77. As discussed below, the record is more than sufficient for the court to decide Burrell's Motion to Vacate without an evidentiary hearing; therefore the court declines to hold a hearing.

III. **ANALYSIS**

    A. **Motion to Vacate -- Equitable Tolling**

Section 2255 establishes a one-year statutory limitation for filing a motion to vacate a federal criminal sentence. 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

3

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered though exercise of due diligence.

*Id.* For purposes of § 2255(f)(1), a judgment of conviction becomes final upon the conclusion of direct review or when the time for seeking such review expires. *Clay v. United States*, 537 U.S. 522, 527 (2003); *see United States v. Smith*, No. CR ELH-18-17, 2020 WL 4016242, at *1 (D. Md. July 16, 2020) (same). Here, Burrell did not appeal his conviction or sentence. Accordingly, his judgment became final on August 28, 2019, fourteen days after entry of judgment. *See* FED. R. APP. P.4(b)(1)(A)(i); *Clay*, 537 U.S. at 527, *supra*.

Burrell's Motion to Vacate was filed on February 14, 2022, about 30 months after judgment of his conviction became final – and clearly well after expiration of the statute of limitations. (ECF No. 37.) Accordingly, Burrell seeks equitable tolling of the one-year statute of limitations. *Id.* at p. 10.

Equitable tolling of the deadline is allowed in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To qualify for equitable tolling on a petition for collateral review, a petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

4

circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Burrell states that the COVID-19 pandemic and resulting prison restrictions, including "denial of access to law library facilities, inmate copiers, inmate law clerks, etc.," prevented him from "being able to work on his case." (ECF No. 37 p. 10.) While the court appreciates the impact of COVID-19 on incarcerated self-represented petitioners, "[a] petitioner cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making a passing reference to the pandemic or the resulting lockdown." *United States v. Aigbekaen*, No. CR JKB-15-0462, 2021 WL 1816967, at *1 (D. Md. May 6, 2021). "Instead, a petitioner must show: (1) he has been diligently working to file a § 2255 motion on time, and (2) how COVID-19 specifically prevented him from filing this motion on time." *Id.* (citing cases); *see also Holland*, 560 U.S. at 649 (same).

Burrell fails to satisfy either equitable tolling prong. He does not allege that he diligently worked to file his Motion to Vacate on time. Even assuming that restrictions (like many that ensued as a result of COVID-19) began in March 2020, Burrell had approximately seven months to write and file his motion before the onset of restrictions. Burrell also fails to state why COVID-19 facility restrictions impaired his ability to file the Motion to Vacate for more than two years after the described restrictions were instituted. *See Luster v. United States*, Civil Action No. GLR-20-3089, 2021 U.S. Dist. LEXIS 130260, at *3 (D. Md. July 13, 2021) (denying equitable tolling where petitioner argued COVID-19 limited access to law library and materials because he failed to provide "any explanation as to what prevented him from filing his Motion in the approximately eight months between entry of judgment and the beginning of the coronavirus pandemic").

5

Similarly, Burrell fails to demonstrate how COVID-19 specifically prevented him from filing his Motion on time. *See Aigbekaen*, 2021 WL 1816967, at *1, *supra*. His assertion of "denial of access" to the law libraries and other materials, without more, is insufficient. *See United States v. Prater*, No. CR RDB-16-0087, 2023 WL 4351338, at *3 (D. Md. July 5, 2023) (finding that equitable tolling did not apply where petitioner asserted limited access to law library due to COVID-19 because "there [was] no evidence that the restrictions entailed a complete bar preventing any access to the library"); *Luster*, 2021 U.S. Dist. LEXIS 130260, at *3, *supra*; *United States v. Lawson*, No. 16-0291, 2020 U.S. Dist. LEXIS 226752, at *2 (D. Md. Dec. 2, 2020) (denying § 2255 motion as untimely where petitioner generally alleged access to law library was foreclosed as a result of COVID-19).

Because Burrell fails to make a necessary showing in support of either prong, he fails to carry his burden to demonstrate equitable tolling is warranted. Accordingly, the court will deny Burrell's Motion to Vacate as untimely.

B. **Appointment of Counsel**

Burrell also requests appointment of counsel. (ECF No. 44.) Under 18 U.S.C. § 3006A, the court has discretion to appoint counsel to represent a financially eligible person who seeks relief under 28 U.S.C. § 2255 if the court determines that justice so requires. 18 U.S.C. § 3006A(a)(2)(B); *Hammoud v. United States*, No. CV RDB-15-3239, 2016 WL 3351331, at *3 (D. Md. June 16, 2016). Typically, there is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995); *United States v. Jones*, No. RDB-10-232, 2021 WL 2805947, at *4 (D. Md. July 6, 2021).

6

Here, the interests of justice do not favor Burrell's request for appointment of counsel. Because of the plain untimeliness of the Motion to Vacate, appointment of counsel would have no material bearing on the court's evaluation of same. Specifically, the court harbors no concern or belief that § 2255 grounds for relief exist that are unclear to Burrell based on his *pro se* status (*i.e.,* that an attorney would be able to aid him to articulate). Accordingly, the Motion to Appoint Counsel will be denied.

### C. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the court denies the petitioner's motion on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[T]o secure a certificate of appealability on claims that the district court denied pursuant to procedural grounds," a petitioner "must demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684–85 (4th Cir. 2001) (quoting *Slack,* 529 U.S. at 484). Burrell does not satisfy the standards set forth above. Accordingly, a certificate of appealability will not issue.

### IV. CONCLUSION

For the reasons set forth herein, the Motion to Vacate (ECF No. 37) and the Motion to Appoint Counsel (ECF No. 44) will be denied.

A separate order follows.

Date: February 13, 2025

/s/_____
Julie R. Rubin
United States District Judge